**FILED**
**U.S. District Court**
**District of Kansas**
07/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARLAND T. MCGEE, SR.,

                    **Plaintiff,**

          v.                                                    **CASE NO. 26-3180-JWL**

STATE OF KANSAS, et al.,

                    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff and state pretrial detainee Marland T. McGee, Sr. filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff currently is incarcerated at Wyandotte County Detention Center in Kansas City, Kansas and has been granted leave to proceed in forma pauperis. (Doc. 11.) The Court has conducted the statutorily required review of the complaint and identified deficiencies, set forth below, that leave the complaint subject to dismissal in its entirety. The Court will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies.

## I.    Plaintiff's Filings

As an initial matter, the Court must address certain documents Plaintiff has submitted for filing in this matter. Plaintiff began this case less than one month ago by filing a complaint and a motion for leave to proceed in forma pauperis. (Docs. 1 and 2.) Attached to his complaint are 13 pages, most of which are one-page "writs" that serve no obvious purpose in the context of this federal civil rights action. The writs are not captioned for filing in this Court and they reflect what seems to be the case number of a state-court criminal case: 25CR0684. (*See* Doc. 1-1.)  Even liberally construed, the writs do not clearly seek action by this Court.

1

Additionally, the writs appear to consist almost entirely of legal terms and definitions. For example, one of the pages attached to the complaint is titled "(writ of Disclosure)." (Doc. 1-1, p. 2 (all errors in original).) The body of the writ states only: "A release of information. A disclosure is the dissemination of information that had previously been kept from public knowledge. [P]ursuant to: the remove of administrative (Red-tape); Along with documents effecting property interest; discovery; and evidence." *Id.* The other pages attached to the complaint are similarly unclear in terms of content and intended effect. *Id.* at 3-13.

Plaintiff submitted similar "writs" and "motions" for filing in this case on four subsequent days. (Docs. 4, 5, 6, 7, 8, and 9.) A "Motion for Identity Theft" filed on June 16, 2026 was not captioned for filing in this Court, bore the state criminal case number, and states in full: "The unauthorized use of another's name or identification. Identity theft is the employment of a person's name, image, ssn#, credit card numbers, voter identification information, address, or any other identifying association without that person's permission. [P]ursuant to: Theft; Thief; Larceny (Larcenous) Animus Furandi, ect . . ." (Doc. 4, p. 1 (all errors and ellipses in original).) As another example, on July 6, 2026, Plaintiff filed a "Motion of Garnishment" that states, in full: "Motion to garnish corp[o]rate funds. Process to collect a judgement debtor's money or property held by a third party. The claimants patients grows thin. Pursuant to R.H.R. Mechanical Contractors Inc. 358 B.R. 202 193 S.W. 3d 190; 543 F. Supp. 2d 1215 (S.D. Cal 2008)[.]" (Doc. 8 (all errors in original).)

In total, Plaintiff has submitted over 30 pages of "writs," motions, and notices of this type. (Docs. 1-1, 4, 5, 6, 7, 8, and 9.) To the extent that any of these documents can be liberally construed to seek relief from this Court, they are denied.[1] In addition, if Plaintiff intended any of these

---

[1] The first page of Doc. 9 attempts to absorb Plaintiff's ongoing state-court criminal case into this federal civil action. (Doc. 9, p. 1.) Plaintiff provides no specific legal authority giving him the power to convers a state criminal prosecution

documents to supplement or otherwise support his complaint, such filing is improper. *See Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1825563, * (D. Kan. July 2, 2025) (unpublished) (stating that Plaintiff could not supplement an amended complaint through additional filings that would then be considered together to constitute the amended complaint); *see also* Fed. R. Civ. P. 15 (governing amended and supplemental pleadings). Page one of the Case Opening Notice mailed to Plaintiff after he began this lawsuit states: "Unless otherwise directed by the Court, you should refrain from filing any evidence, arguments, motions or documents, until your case has been screened." As explained below, this case has not yet passed screening and Plaintiff should comply with the guidance in the Case Opening Notice.

"'Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *See Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Utilizing the Court's limited resources to process and file the documents discussed in this section does not serve or promote the interests of justice. Additionally, "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted).

Plaintiff is cautioned that his practice of filing "writs" and other documents that do not clearly ask the Court for relief, do not clearly relate to the case now before this Court, and consist

---

into a federal civil rights case—his general reference to the United States Constitution and "Constitutional Laws and Bylaws" is insufficient—and this Court knows of no such legal authority. Thus, to the extent that Plaintiff intended this page to be a motion to consolidate his state case with this federal case, it is denied.

3

almost entirely of definitions, legal terms without context, and incomplete citations is approaching the level of abusive litigation. If Plaintiff continues this practice, he may be subjected to filing restrictions.

## II.    Nature of the Matter before the Court

As Defendants in this matter, Plaintiff names the State of Kansas and Kansas City Assistant District Attorney Chad Josiah Cook. (Doc. 1, p. 1-2.) As the background to this case, Plaintiff asserts that he has been charged with and pled not guilty to aggravated robbery, he has not been arraigned or interviewed by a detective, he is being illegally detained, and his "parody or namesake" is being used without his authority. *Id.* at 2.

The Court requires the use of a specific form for filing a complaint. *See* D. Kan. Rule 9.1(a). For each Count a plaintiff wishes to state, there is a space on the form for identifying the "constitutional rights, privileges or immunities" alleged to have been violated and a separate space for providing supporting facts. (*See* Doc. 1, p. 3.) The form explains that when asserting supporting facts, a plaintiff should "[i]nclude all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." *Id.*

In the space for identifying the constitutional rights that Count I alleges were violated, Plaintiff has written only:  "Consolidation rule." *Id.* As supporting facts for Count I, Plaintiff asserts that he was never taken to the crime scene for identification, informed of his *Miranda* rights, or interviewed by a detective. *Id.* In the space on the form for identifying the rights Count II alleges were violated, Plaintiff has written:  "Fed. R. P. 51; Fed. R. Crim. P. 10[;] KSA 1983 Supp 8-1567. KSA 1980 Supp 44-5342." *Id.* (all errors in original). As supporting facts for Count II, Plaintiff has written:  "Bouvier Law [Ref] Refer to police records for more detail." *Id.* (all errors

in original).

Plaintiff has left blank the space on the form for identifying the federal rights Count III alleges were violated. *Id.* at 4. As supporting facts for Count III, he instructs:  "Pleas[e] refer to pro-se motions (more info)." *Id.* As relief, Plaintiff seeks $65,000.00 for pain and suffering caused by prosecutorial misconduct and "an audit or accounting to calculate net." *Id.* at 5.

### III.    Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Tenth Circuit has explained more specifically "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the

5

defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## IV.    Discussion

Even liberally construed, the complaint now before the Court fails to comply with Rule 8 of the Federal Rules of Civil Procedure.[2] Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude,

---

[2] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

6

if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (citation omitted).

> "[A]ll that is necessary [to satisfy Rule 8] is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity.").

*Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

"To state a claim, a complaint 'must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins*, 519 F.3d at 1250). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). In other words, Plaintiff must do more in his complaint than state legal terms and assert conclusions. *See Twombly*, 550 U.S. at 555. He must explain what each Defendant did to him, when the Defendant did it, how it harmed him, and what specific legal right he believes that Defendant violated. *See Nasious*, 492 F.3d at 1163 (10th Cir. 2007). Even liberally construing the pro se complaint, the Court cannot determine the basis of any claims alleged therein, nor would the complaint give opposing parties fair notice of the basis of the claim or claims against them. Thus, the complaint does not satisfy Rule 8.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious*, 492 F.3d at 1162 n.3; *Chavez*, 195 Fed. App'x at 730 (affirming dismissal without prejudice for violation of Rule 8). Rather than immediately imposing such a harsh

7

consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the basis for his claims in this matter.

## V.    Amended Complaint Required

Plaintiff will be granted the opportunity to file a complete and proper amended complaint upon the required, court-approved form that complies with Rule 8 and states a plausible claim for relief against a named defendant. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court.

Plaintiff may not refer to or incorporate by reference his initial complaint or other outside sources. For example, in the current complaint, Plaintiff refers the reader to "police records" for facts to support Count II. (Doc. 1, p. 3.) The Court does not have any "police records" before it in this case and will not construct a claim on Plaintiff's behalf. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (26-3180) at the top of the first page of his amended complaint. He must name only defendants who may be sued under § 1983[3] and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count, he must clearly identify the federal right he believes was violated and he must allege specific facts that show each violation. Plaintiff must follow the instructions on the

---

[3] The State of Kansas, which Plaintiff currently names as a defendant in this case, is not a "person" that Congress made amenable to suit for damages under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Additionally, prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

required, court-approved complaint form and set forth the information requested therein. He may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which portion of the form the pages are intended to supplement.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to comply with Rule 8. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that to Plaintiff's motions (Doc. 8 and 9) are **denied**. In addition, to the extent that Plaintiff's filings at Docs. 4, 5, 6, or 7 were intended to be motions, they are also **denied** for the reasons stated in this order.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **August 15, 2026**, to file a complete and proper amended complaint that cures all the deficiencies discussed in this order. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 9th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

9