**FILED**
**U.S. District Court**
**District of Kansas**
07/14/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARLAND T. MCGEE, SR.,

        **Plaintiff,**

    v.                            **CASE NO. 26-3180-JWL**

STATE OF KANSAS, et al.,

        **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and state pretrial detainee Marland T. McGee, Sr. filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff currently is incarcerated at Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas and has been granted leave to proceed in forma pauperis. (Doc. 11.) The Court conducted the statutorily required review of the complaint and concluded that the complaint is subject to dismissal in its entirety. Therefore, on July 9, 2026, the Court issued an order identifying the deficiencies and granting Plaintiff to and including August 15, 2026 to file a complete and proper amended complaint that cures them. (Doc. 12.) This matter comes now before the Court on Plaintiff's "Writ of Conveyance and [D]elivery" (Doc. 13) and his motion for extension of time (Doc. 14). For the reasons set forth below, Plaintiff's requests will be denied.

**I. The Writ of Conveyance and Delivery (Doc. 13)**

The "Writ of Conveyance and [D]elivery" states, in full:

> Conveyance implies more than a transfer made by mere delivery; it implies that the transferor has assigned the transferor's int[e]rest in the property delivered, wholly devolving onto the transferee the transferor's former rights and int[e]rest in the property subject to delivery.
>
>                                         [Omnibus clause]

1

Pursuant to: (All) Deeds; warr[a]nts; Titles; Chattels; and residuals.

(H.D.C) (BF.P.V.)

(Doc. 13, p. 1 (all errors in original).) Plaintiff's signature appears after this language. *Id.* An

attached page states: "If necessary to resubmit the Royal perogative motion, please resend." *Id.* at

2 (all errors in original).

In its July 9, 2026 order, the Court addressed Plaintiff's practice of filing this type of "writ"

or motion. (*See* Doc. 12, p. 1-4.) The "Writ of Conveyance and [D]elivery" currently before the

Court is properly captioned for filing in this case, but, like the previous writs Plaintiff has filed, it

consists almost completely of legal terms and definitions. Even liberally construed, it does not

clearly seek any specific action by this Court. Accordingly, to the extent that the Writ of

Conveyance and Delivery was intended to seek action by this Court, it is denied. The "Writ of

Royal Prerogative" was addressed and denied in the Court's July 9, 2026 order, so there is no need

to resubmit it.[1] (*See* Doc. 12, p. 2 and 9.)

## II. Motion for Extension of Time (Doc. 14)

Plaintiff's motion for extension of time, which is dated July 8, 2026[2], asks "for an

enlargement in time due to the fact that for whatever reason, he has not been released from the

holding facility, detention center or place where he resides." (Doc. 14, p. 1.) It further states:

---

[1] Plaintiff's motion for extension of time also includes an attached page inquiring about the "Writ of Royal P[r]erogative." (Doc. 14, p. 2.) The same rationale applies and will not be repeated in the section on the motion for extension of time.

[2] Because Plaintiff is detained at the WCDC, he must mail his filings to this Court. This can, at times, lead to documents sent from the Court to Plaintiff crossing in the mail with documents sent from Plaintiff to the Court. The Court is aware of this potential complication and routinely allows for mail delays when considering pro se prisoner filings from inmates not at Kansas Department of Corrections facilities. Moreover, because Plaintiff is a prisoner and proceeds pro se, "he may rely on the 'prison mailbox rule,' which makes the date on which he present[s] his motion to [jail] officials for mailing the filing date for timeliness purposes." *See United States v. Hopkins*, 920 F.3d 690, 696 n.8 (10th Cir. 2019). Neither filing currently before the Court indicates the date on which Plaintiff gave it to WCDC officials for mailing. The motion for extension of time (Doc. 14) bears the date "7-8-26," so the Court presumes that it was prepared and perhaps mailed to the Court on that date. To gain the benefit of the prison mailbox rule for future filings, however, Plaintiff should indicate the precise date he gave each document to WCDC officials for mailing.

"Negligence, delay, or denial. [P]ursuant to:  543 U.S. 1087[.] (H.D.C.)(B.F.P.V.)" and bears Plaintiff's signature. *Id.* (all errors in original). The motion does not identify the time period Plaintiff seeks to extend or enlarge.

Moreover, as of July 8, 2026—the date written on the motion for extension of time—there were no deadlines set in this case. The only current deadline was set in the Court's July 9, 2026 order: Plaintiff's amended complaint is due on or before August 15, 2026. (*See* Doc. 12, p. 9.) Therefore, even liberally construing the motion for extension of time, it is unclear what deadline Plaintiff seeks to have extended. Therefore, this motion will be denied.

**IT IS THEREFORE ORDERED** that to Plaintiff's motions (Docs. 13 and 14) are **denied** for the reasons set forth in this order.

**IT IS SO ORDERED.**

DATED:  This 14th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

3