FILED
U.S. District Court
District of Kansas
08/18/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MARLAND T. MCGEE, SR.,**

**Plaintiff,**

**v.** **CASE NO. 26-3180-JWL**

**STATE OF KANSAS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Marland T. McGee brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Wyandotte County Detention Center in Kansas City, Kansas and he has been granted leave to proceed in forma pauperis. On July 9, 2026, the Court entered a memorandum and order ("M&O") setting out the statutory requirement that this Court screen Plaintiff's complaint and identifying deficiencies in the complaint that leave it subject to dismissal in its entirety. (Doc. 12.) The M&O granted Plaintiff until and including August 15, 2026 to file a complete and proper amended complaint that cured the identified deficiencies. *Id.* at 9.

On August 10, 2026, the Court received Plaintiff's amended complaint. (Doc. 22.) As the M&O explained would happened, the Court began to conduct the statutorily required review of the amended complaint in order to prepare further orders in this case. (*See* Doc. 12, p. 9.) On August 14, 2026, however, the Court received from Plaintiff a notice of appeal dated August 11, 2026. (Doc. 23.) Even liberally construed, the notice of appeal does not indicate the order or orders Plaintiff seeks to appeal, and the Court notes that no final decision has been entered. *See id.*

The Tenth Circuit Court of Appeals generally has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory

limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs*., 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

The Court must evaluate an interlocutory appeal under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Certifying an interlocutory appeal under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp*., 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the non-dispositive orders[1] it has issued in this matter to date could materially advance the ultimate resolution of this matter. The Court's rulings do not involve a controlling question of law on which there is substantial ground for difference of opinion. The Court thus declines to order certification of this case for interlocutory appeal. In addition, the Court cautions Plaintiff that this matter is not automatically stayed by an interlocutory appeal. *See* 28 U.S.C. § 1292(b). Absent an order from the Tenth Circuit staying this case, therefore, the Court will continue to screen the amended complaint and will issue orders as necessary.

**IT IS THEREFORE BY THE COURT ORDERED** that the court declines to certify Plaintiff's interlocutory appeal (Doc. 23). This case will not be stayed during the pendency of the appeal. The clerk is directed to transmit a copy of this order to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**Dated August 18, 2026, in Kansas City, Kansas.**

**s/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**United States District Judge**

[1] The Court also denied several "writs" and motions Plaintiff filed in this matter because they consisted "almost entirely of legal terms and definitions," they did not clearly ask this Court to take action, they were not properly captioned for filing in this Court, they did not clearly relate to this case, and they were approaching the level of abusive litigation. (*See* Doc. 12, p. 1-4; *see also* Docs. 15, 19, and 21.)