**FILED**
**U.S. District Court**
**District of Kansas**
08/24/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MARLAND T. MCGEE, SR.,**

**Plaintiff,**

**v.** **CASE NO. 26-3180-JWL**

**STATE OF KANSAS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state pretrial detainee Marland T. McGee, Sr. filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He is currently incarcerated at the Wyandotte County Detention Center in Kansas City, Kansas and has been granted leave to proceed in forma pauperis (Doc. 11). This matter comes now before the Court on Plaintiff's amended complaint (Doc. 22), filed on August 10, 2026; and two motions (Docs. 28 and 29), filed on August 21, 2026. The Court has conducted the statutorily required review of the amended complaint and finds that, like the initial complaint, it fails to state a claim on which relief could be granted. Therefore, this matter will be dismissed and the pending motions denied as moot.

### I. Procedural History and Initial Complaint

Plaintiff filed his initial complaint in June 2026. (Doc. 1.) Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court was required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes Plaintiff's pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers."

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court does "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

On July 9, 2026, after Plaintiff's fee status was resolved, the Court issued a memorandum and order ("M&O") that first addressed Plaintiff's practice of filing frivolous "writs" in this case, warning Plaintiff that processing the documents was not an effective use of Court resources and that Plaintiff was approaching the level of abusive litigation. (Doc. 12, p. 1-4.) The M&O then summarized the complaint as follows:

> As Defendants in this matter, Plaintiff names the State of Kansas and Kansas City Assistant District Attorney Chad Josiah Cook. (Doc. 1, p. 1-2.) As the background to this case, Plaintiff asserts that he has been charged with and pled not guilty to aggravated robbery, he has not been arraigned or interviewed by a detective, he is being illegally detained, and his "parody or namesake" is being used without his authority. *Id.* at 2.
>
> The Court requires the use of a specific form for filing a complaint. *See* D. Kan. Rule 9.1(a). For each Count a plaintiff wishes to state, there is a space on the form for identifying the "constitutional rights, privileges or immunities" alleged to have been violated and a separate space for providing supporting facts. (*See* Doc. 1, p. 3.) The form explains that when asserting supporting facts, a plaintiff should "[i]nclude all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." *Id.*
>
> In the space for identifying the constitutional rights that Count I alleges were violated, Plaintiff has written only: "Consolidation rule." *Id.* As supporting facts for Count I, Plaintiff asserts that he was never taken to the crime scene for identification, informed of his *Miranda* rights, or interviewed by a detective. *Id.* In the space on the form for identifying the rights Count II alleges were violated, Plaintiff has written: "Fed. R. P. 51; Fed. R. Crim. P. 10[;] KSA 1983 Supp 8-1567. KSA 1980 Supp 44-5342." *Id.* (all errors in original). As supporting facts for Count II, Plaintiff has written: "Bouvier Law [Ref] Refer to police records for more detail." *Id.* (all errors in original).

> Plaintiff has left blank the space on the form for identifying the federal rights Count III alleges were violated. *Id.* at 4. As supporting facts for Count III, he instructs: "Pleas[e] refer to pro-se motions (more info)." *Id.* As relief, Plaintiff seeks $65,000.00 for pain and suffering caused by prosecutorial misconduct and "an audit or accounting to calculate net." *Id.* at 5.

(Doc. 12, p. 4-5.)

After identifying the screening standards, the M&O explained the requirements of Rule 8 of the Federal Rules of Civil Procedure:

> Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (citation omitted).
>
> > "[A]ll that is necessary [to satisfy Rule 8] is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity.").
>
> *Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

(Doc. 12, p. 6-7.)

The M&O also emphasized that a plausible claim "must make clear exactly *who* is alleged to have done *what* to *whom*" and that Plaintiff "must do more in his complaint than state legal terms and assert conclusions." *Id.* at 7 (citations and internal quotation marks omitted). It reflected

the Court's conclusion that the complaint failed to comply with Rule 8, noting: "Even liberally construing the pro se complaint, the Court cannot determine the basis of any claims alleged therein, nor would the complaint give opposing parties fair notice of the basis of the claim or claims against them." *Id.* at 7. Rather than immediately dismiss the complaint, however, the Court granted Plaintiff time to file an amended complaint that complies with Rule 8. *Id.* at 7-8.

**II. The Amended Complaint (Doc 6. )**

Plaintiff timely filed his amended complaint on August 10, 2026. (Doc. 22.) In the amended complaint, he names as defendants the Unified Government and Sheriff's Department of Kansas City, Kansas. *Id.* at 1-2. As the background of this case, Plaintiff states in the amended complaint that his study of the law led him to discover "the truth about [his] civil rights, how [he] had been cheated and [was] cheating [him]self." *Id.* at 2. In Count I, Plaintiff alleges "[t]hat civil theft has been committed in the name of Marland T. McGee Sr. (My) Gov./Christian namesake." *Id.* at 3 (all errors in original). As supporting facts for Count I, Plaintiff states: "Birth documentation; Identification records; Driver's lic. Tortious conversion of the namesake MARLAND T. MCGEE SR. Trough civil theft of recordation, at birth." *Id.* (all errors in original).

In Count II, Plaintiff asserts "[t]ortious conversion trough the corporate spelling of MARLAND T. MCGEE SR," and he identifies the supporting facts for Count II as "[a]ll forementioned documentation in Addition to vital static records and digital signature." *Id.* (all errors in original). In Count III, Plaintiff brings claims of invasion of privacy 'and privacy int[e]rests," tampering, collusion, and "confidence games." *Id.* at 4. As supporting facts for Count III, Plaintiff states: "The unlawful acquisition of the defendant/Appellates, Chattel paper; Commercial papers; Titles; and copyrights . . . ect." *Id.* (all errors and ellipses in original). As relief in this case, Plaintiff seeks: "An accounting of the book/Net value, from at least, 1993 to 2026

current day," which he estimates as totaling around $1,500,000.00. *Id.* at 5 (all errors in original).

**III. Discussion**

Even liberally construing the pro se amended complaint, it fails to "identify specific actions taken by particular defendants," as the M&O explained is necessary to state a plausible claim. (*See* Doc. 12, p. 7.) Rather than "explain[ing] what each Defendant did to him, when the Defendant did it, how it harmed him, and what specific legal right he believes that Defendant violated," *see id.*, Plaintiff continues to rely heavily on legal conclusions and conclusory statements that lack sufficient supporting factual allegations. The amended complaint, like the initial complaint, does not allege sufficient specific facts to state a plausible claim for relief to state a plausible claim for relief against a named defendant. Plaintiff has not taken advantage of the opportunity already granted to submit a complaint that states a plausible claim for relief. Thus, the Court declines to allow Plaintiff further opportunities to amend. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'").

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim on which relief could be granted. Plaintiff's motions (**Docs. 28 and 29**) are therefore **denied as moot.**

**IT IS SO ORDERED.**

DATED: This 24th day of August, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge