**FILED**
**U.S. District Court**
**District of Kansas**
11/20/2026
**Clerk, U.S. District Court**
**By: KGS Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MARLAND T. MCGEE, SR.,**

**Plaintiff,**

**v.** **CASE NO. 26-3180-JWL**

**STATE OF KANSAS, et al.,**

**Defendants.**

# MEMORANDUM AND ORDER

This matter is a pro se civil rights action brought by Plaintiff and state pretrial detainee Marland T. McGee, Sr. under 42 U.S.C. § 1983 in June 2026. (Doc. 1.) It was dismissed on August 24, 2026 for failure to state a claim on which relief could be granted. (Doc. 30.) Judgment was entered the same day. (Doc. 31.) It comes now before this Court on the following filings received from Plaintiff on November 18, 2026: a "Motion of Action," a "Motion for Turnover," a "Motion for Summary Judgment," a "Motion of Recordation," and a "Motion of Ejectment." (Docs. 41, 42, 43, 44, and 45.) Each motion is a single page and consists largely of lists of legal terms and incomplete legal citations. *Id.*

Throughout this case, Plaintiff has repeatedly engaged in this type of frivolous filing.. To his complaint he attached "13 pages, most of which [were] one-page 'writs' that serve[d] no obvious purpose in the context of this federal civil rights action." (*See* Doc. 12, p. 1.) He filed 14 additional and similar documents—titled as motions or writs—before the case was dismissed in August 2026 and 4 after dismissal, not counting the 5 currently before the Court. The Court has repeatedly directed Plaintiff to cease this type of filing, beginning with a July 9, 2026 in which the Court stated:

> [O]ne of the pages attached to the complaint is titled "(writ of Disclosure)." (Doc. 1-1, p. 2 (all errors in original).) The body of the writ states only: "A release of information. A disclosure is the dissemination of information that had previously been kept from public knowledge. [P]ursuant to: the remove of administrative (Red-tape); Along with documents effecting property interest; discovery; and evidence." *Id.* The other pages attached to the complaint are similarly unclear in terms of content and intended effect. *Id.* at 3-13.
>
> . . . .
>
> "'Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Utilizing the Court's limited resources to process and file the documents discussed in this section does not serve or promote the interests of justice. Additionally, "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted).
>
> Plaintiff is cautioned that his practice of filing "writs" and other documents that do not clearly ask the Court for relief, do not clearly relate to the case now before this Court, and consist almost entirely of definitions, legal terms without context, and incomplete citations is approaching the level of abusive litigation. If Plaintiff continues this practice, he may be subjected to filing restrictions.

(Doc. 12, p. 2-4.)

Plaintiff continued to file frivolous writs and motions, which the Court repeatedly denied. (*See* Docs. 16 through 21, 28 through 30, 32 through 35, 38 through 45.) The motions currently before the Court are similarly legally frivolous and irrelevant to this closed cases. For example, the "Motion of Action" states, in full: "Damages: Calculation of damages, (all) forms and classes that apply. Nominal, compensatory, punitive, treble, assessment, double, Mutple, Expectation, Contract, Tort, Measurable, Excessive, Ascertainable, Extraordiary, Reliances, Diminution, Presumed, Foreseeable, Ect . . . Classes. (Aggravated) pursuant to: 31 P.2d 786." (Doc. 41 (ellipses and all errors in original).)

The Court has reviewed each motion before it in full. Even liberally construed, none seeks appropriate relief. They also do not address or even acknowledge that this case was dismissed and judgment has been entered. At this point, generally speaking, the only documents appropriate for filing in this case are motions directed to the dismissal, such as those brought under Federal Rule of Civil Procedure 60. Future motions that are unrelated to relief from the judgment and/or an appeal of the dismissal will be summarily denied.

In addition, Plaintiff is formally cautioned that if he continues to submit frivolous filings in this closed case, he may be subjected to filing restrictions. The Court considers several factors when determining whether to impose filing restrictions, including "whether the litigant has . . . posed an unnecessary burden on the courts and their personnel." *United States v. Kettler*, 934 F.2d 326 (10th Cir. June 3, 1991) (unpublished), 1991 WL 94457, at *6 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Ultimately, it must decide "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.* (quoting *Safir*, 792 F.2d at 24). Plaintiff's practice of filing frivolous documents with this Court has unnecessarily expended the Court's resources and is approaching the level of abusive litigation.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motions (**Docs. 41, 42, 43, 44, and 45**) are **denied**. Plaintiff is directed to refrain from filing any motion in this matter that is unrelated to relief from the judgment or does not clearly seek appropriate relief.

**IT IS SO ORDERED.**

DATED: This 20th day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge